## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION
*Electronically Filed*

Removed from Jessamine Circuit Court
Civil Action No. 21-CI-00176

| | |
|---|---|
| BANKS ENGINEERING, INC. | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  CIVIL ACTION NO: |
| | ) |
| NATIONWIDE MUTUAL INSURANCE | ) |
| COMPANY AND NATIONAL | ) |
| CASUALTY COMPANY | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Come now the Defendants, Nationwide Mutual Insurance Company ("Nationwide") and National Casualty Company ("National Casualty"), by counsel, and pursuant to 28 USC § 1441(a) and 1446 assert the following grounds for removing the above-styled action from the Jessamine Circuit Court to the United States District Court, Eastern District of Kentucky, Lexington Division:

1. On or about March 30, 2021, Plaintiff filed and initiated the present action against Defendants seeking a declaratory judgment that they have a duty to defend and indemnify Plaintiff for a claim made under an architects and engineers professional liability insurance policy issued by National Casualty. A copy of the Complaint, and all other process, pleadings and orders served upon Defendants are attached at Exhibit A.

2. At all times relevant hereto, the Plaintiff is and was a corporation incorporated under the laws of Kentucky with a principal place of business in Jessamine County, Kentucky and which provides engineering and land surveying services.[1]

3. At all times relevant hereto, Defendants are and were Ohio foreign corporations authorized to do business in Kentucky and with a principal place of business and home office in Columbus, Ohio.

4. At the time Plaintiff commenced its action and at all times relevant hereto, there has been complete diversity of citizenship between Plaintiff and Defendants.

5. Plaintiff's Complaint seeks a declaration that Defendants are obligated to provide it a defense and indemnification for liability it may have arising from a lawsuit filed against Plaintiff and others in the Jessamine Circuit Court, Civil Action No. 20-CI-00182 ("the state court action"). In that suit, the Plaintiffs, Boone Development, LLC and Via Vitae Development, LLC d/b/a James Monroe Homes ("James Monroe") seek damages from Plaintiff for its alleged professional negligence in providing engineering and consulting services related to the development of certain real property in Jessamine County, Kentucky. A copy of the Complaint from the state court action is attached as Exhibit B.

6. Plaintiff's January 13, 2016 Proposal for the project projected fees of approximately $125,000.[2]

7. In the state court action, James Monroe alleges that Plaintiff "abandoned the project," failed to provide contracted services, retained payment to which it was not entitled, demanded payment for services that were not provided, made changes to the

---

[1] Complaint, ¶ 1.
[2] Exhibit 1 to Exhibit B.

construction plans without approval and caused James Monroe to engage engineering services from another party to finish the project at additional cost.[3]

8. In the state court action, James Monroe brings claims against Plaintiff for breach of contract, unjust enrichment and professional negligence.[4]

9. In the state court action, James Monroe seeks: (1) a refund of all or part of sums already paid to Plaintiff, including one payment of $40,000 and another of "more than "$76,000" for services that were not provided[5]; (2) damages for the "increased expense" associated with retaining a different engineering firm to finish the project[6]; (3) "an award of all damages sustained" including those that may arise from the possibility that James Monroe may be obligated to post a bond of at least $212,498.80 for a construction of a box culvert on the property as a result of Plaintiff's negligence and breach of contract[7]; (4) a declaration that it does not owe Plaintiff for additional invoices submitted to it[8] and (5) costs and attorney's fees.

10. The policy of insurance issued to Plaintiff by National Casualty includes liability limits of $2,000,000 each claim. A copy of the declarations page for the policy is attached as Exhibit C.

11. Nationwide did not issue Plaintiff's Policy and should be dismissed from this action.

12. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, as required by 28 USC § 1332(a).

---

[3] Exhibit B, "Factual Allegations," ¶ E; Count VI; Count VII and Count VIII.
[4] *Id.*, Count VI, Count VII and Count VIII.
[5] *Id.*, ¶¶ 16, 17, 100, 102; *ad damnum* ¶ 2.
[6] *Id.*, ¶¶ 103; *ad damnum* ¶ 3.
[7] *Id.*, ¶ 46, *ad damnum* ¶ 3.
[8] *Id.*, ¶ 101; *ad damnum* ¶ 2.

13. Pursuant to 28 USC § 1446(b)(3), Defendants have removed this action within thirty (30) days of their receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14. Notice of this removal has been filed with the Clerk of the Jessamine Circuit Court and served on Plaintiff's counsel.

> Respectfully submitted,
>
> **KOPKA PINKUS DOLIN, PC**
> 301 East Main Street, Suite 400
> Lexington, KY  40507
> Phone:  (859) 368-8999
> Fax:  (859) 368-8772
> Email: bemoore@kopkalaw.com
>             drconley@kopkalaw.com
>
> BY: /s/ Bradly E. Moore
>     BRADLY E. MOORE (KBA #87368)
>     DIANE R. CONLEY (KBA # 86047)
>     *Counsel for Defendants*

**CERTIFICATE OF SERVICE**:

I hereby certify that on the 28th of April, 2021, I electronically filed this document through the ECF system, and mailed a true and correct copy of this document to:

David Russell Marshall
P.O. Box 153
Keene, Kentucky 40339
*Counsel for Plaintiff*

> /s/ Bradly E. Moore
> BRADLY E. MOORE
> DIANE R. CONLEY
> *Counsel for Defendants*